[See Case No 17,907.]

## Case No. 17,907.

### WISE v. DECKER.

[1 Cranch, C. C. 190.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

USE AND OCCUPATION — SUBSTITUTED PLAINTIFF.

1. In Virginia an action for use and occupation will lie although there be a parol demise for a time and rent certain, if it be waived, and a promise to pay for the time occupied.

2. The writ is not abated by substituting the assignee as plaintiff in place of the bankrupt.

Assumpsit, for use and occupation. Plea in abatement, for variance between the writ and the amended declaration. General demurrer and joinder. The writ was sued out before the bankruptcy of McCrea. After the assignee was appointed he was admitted plaintiff, under the 13th section of the bankrupt law. The general demurrer to the plea was adjudged good, and respondeas ouster awarded. Plea, non assumpsit, and issue.

Mr. Taylor, for defendant, prayed the court to instruct the jury that if, from the evidence, they should be of opinion that the agreement was for a year certain, at a certain price, the plaintiff was not entitled to recover on either of the counts.

THE COURT instructed the jury that, if they should be of opinion, from the evidence, that there was such an agreement, but that it was afterwards waived, and that the defendant promised to pay for the time he occupied, then the evidence would support the counts.

[See Case No. 17,906.]

## Case No. 17,908.

### WISE v. GEIGER.

[1 Cranch, C. C. 92.] [1]

Circuit Court, District of Columbia. April Term, 1802.

DEFECTIVE AWARD.

An award may be good in part and void in part.

Debt on an Award.

Mr. C. Lee, for the defendant, objected that the award was not complete, in this, that it does not ascertain how the outstanding debts due to the partnership shall be valued; it says only that they shall be divided equally, value and value alike. Kyd, Awards, 83, 88.

Mr. Simms, for plaintiff. An award may be good for part, and void for part. Independent

of the provisions respecting those debts, they have awarded the sum of four hundred dollars to be due by the defendant to the plaintiff; and for this sum the action is brought. 1 Bac. Abr. 142; Fox v. Smith, 2 Wils. 267b; Addison v. Gray, Id. 293: Wills v. Maccarmick, Id. 148.

THE COURT were of opinion that the award was good as to the part upon which the suit was brought, it being an independent matter.

## Case No. 17,909.

### WISE v. GETTY.

[3 Cranch, C. C. 292.] [1]

Circuit Court, District of Columbia. May Term, 1828.

SUIT BY ADMINISTRATOR — PLEADING AND PROOF.

In an action by an administrator, upon the trial of the issue of non assumpsit, the plaintiff need not produce his letters of administration.

Assumpsit on a promissory note to the intestate. Plea, non assumpsit and issue.

On the trial the defendant's counsel (Mr. Marbury) called for the plaintiff's letters of administration.

Mr. R. S. Coxe, for plaintiff, cited Starkie, pt. 4, pp. 547, 548.

THE COURT said, that the representative character of the plaintiff is not in issue, and the plaintiff need not prove it.

## Case No. 17,910.

### WISE v. GROVERMAN.

[1 Cranch, C. C. 418.] [1]

Circuit Court, District of Columbia. July Term, 1807.

RIGHT TO CONTINUANCE.

If, after a plea of nil debet, by the appearance-bail, the principal comes in and gives special bail, and pleads the same plea, the plaintiff is entitled to a continuance of course.

There had been a plea of "owe nothing," by the appearance-bail and issue. The principal defendant now came in, and gave special bail, and pleaded the same plea, "owe nothing."

Mr. Jones, for plaintiff, contended for a continuance, as a matter of course.

Mr. Youngs, for defendant, cited the case of Alexander v. Patten [Case No. 171], where the court refused a continuance to the defendant, on account of the appearance of the administrator of the plaintiff.

But THE COURT thought the plaintiff entitled to a continuance of course, in the same manner as on setting aside a writ of inquiry, it being the default of the defendant that he did not appear before. Continued.

DUCKETT, Circuit Judge, absent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]