NEW ENGLAND SCREW CO. (WARD v.). See Case No. 17,157.

NEW ENGLAND TRANSFER CO. (NEW YORK v.). See Case No. 10,197.

## Case No. 10,159.

### Ex parte NEWHALL.

[2 Story, 360;[1] 5 Law Rep. 306.]

Circuit Court, D. Massachusetts. May Term, 1842.

BANKRUPTCY—WHAT PASSES TO ASSIGNEE BY DECREE—EQUITIES OF THIRD PERSONS.

1. All the property and rights of property of the bankrupt, at the time of the decree of bankruptcy, pass to the assignee to be distributed amongst the creditors, with the other assets of the bankrupt.
[Cited in Beardslee v. Beaupre, 44 Minn. 4, 46 N. W. 137; Fisher v. Currier, 7 Metc. (48 Mass.) 427. Cited in brief in Tichenor v. Allen, 13 Grat. 28.]

2. Property, which comes to a person seeking the benefit of the bankrupt act, by descent, or as distributee, in the intermediate time between his filing his petition and his being declared a bankrupt, passes to the assignee as a part of the assets of the bankrupt.

3. The assignee takes the property and rights of property of the bankrupt, subject to all such rights and equities of third persons as are attached to it in the hands of the bankrupt.
[Cited in brief in Kelly v. Scott, 49 N. Y. 597. Cited in Kirk v. Roberts (Cal.) 31 Pac. 622; Rowe v. Page, 54 N. H. 195.]

4. Where the bankrupt, after filing his petition, and before a decree of bankruptcy, became entitled to certain property, as heir to his mother, to whom, when alive, he was indebted; it was held, that the assignee of the bankrupt was only entitled to the bankrupt's moiety or distributive share, after deducting therefrom his debt to the estate.

This case came before the district court upon a petition by the assignee of the bankrupt, setting forth, that Brown, the bankrupt, on the 2d February last, filed his petition to be decreed a bankrupt, and on the 3d May thereafter, was duly decreed a bankrupt. On the 20th February, Mary Brown, a widow, the mother of the bankrupt, died intestate, and Charles Brown was duly appointed administrator of her estate. That said Mary, at the time of her death, was seized and possessed of certain goods and estate to the value of about four thousand dollars, and the said Charles, and the bankrupt, were the sole heirs. Wherefore, the assignee prayed, that the bankrupt be directed to file a supplemental schedule to his petition in bankruptcy, and therein to enumerate and set forth one half of the net proceeds of his mother's estate, now in the hands of the said administrator; so that the same may be applied to the pay-

ment of his just debts, according to the statute of the United States, in that behalf made and provided. It appeared, upon an agreed statement of facts, that the matters of fact set forth in the petition, were true, and also, that the bankrupt was indebted to Mary Brown during her lifetime, to the amount of $1200. Upon these facts, the following points were raised by the respective parties, namely: (1) The administrator contended, that he must retain in his hands the amount due from the bankrupt to the intestate's estate, and that he ought not to pay either to the bankrupt, or to the assignee, any thing more than the balance of the bankrupt's share of the estate of Mary Brown. (2) The assignee contended, that the whole share of the bankrupt in the said estate, without deducting the sum due by him to said deceased, should be added to the assets of the petitioner set forth in his schedule B. (3) The bankrupt contended, that the whole of his share in the estate belonged to himself, and that the administrator could not retain, on account of the claim of the said Mary Brown, any more than the pro rata dividend, which might be hereafter declared out of his assets. Upon the hearing in the district court, it was ordered, that two questions be adjourned into this court: First, whether upon the accompanying statement of facts, the share in the property of Mary Brown, descended to the said George Brown, as one of her heirs at law, belongs to the said assignee, for the benefit of the creditors of the said bankrupt, or to said George, the bankrupt, for his own use and benefit? Second. Whether, if the said share belongs to the said assignee, the said administrator is entitled to set off against the claim of the assignee, the amount of the debt due from the bankrupt to the estate of the said Mary Brown?

John G. King. Jr., for assignee.
R. Rantoul and F. Dexter, for bankrupt.

STORY, Circuit Justice. There are two questions adjourned into this court for consideration. The first, in effect, is, whether property, which comes to a person seeking the benefit of the bankrupt act, by descent, or as distributee, in the intermediate time between his filing his petition and his being declared a bankrupt by the decree of the district court, passes to the assignee as a part of the assets of the bankrupt, or belongs to the bankrupt himself. My opinion is, that it passes to the assignee as a part of the assets of the bankrupt. The third section of the bankrupt act of 1841, c. 9 [5 Stat. 442], declares, that all property and rights of property of every bankrupt, who shall, by a decree of the proper court, be declared a bankrupt within the act, shall by mere operation of law, ipso facto, from the time of such decree, be deemed to be devested out of the bankrupt, and the same shall be vested by force of the same decree in such assignee, as from time to time

shall be appointed by the proper court for this purpose. It seems to me that the natural, and even necessary interpretation of this clause is, that all the property and rights of property of the bankrupt, at the time of the decree, are intended to be passed to the assignee. It is true, that the decree will also by relation cover all the property, which he had at the time of filing the petition, and at all intermediate times, to effect the manifest purposes of the act. But this is rather a conclusion, deducible from the general provisions and objects of the whole act, than a positive provision. It results by necessary implica-tion in order to effectuate the obvious purposes of the act, and to prevent what otherwise would or might be irremediable mischiefs. But the language of the third section speaks in direct terms of property and rights of property in the bankrupt, at the time of the decree, as being devested out of him by the decree, and vested in the assignee. In the present case, there can be no doubt, that, by Mrs. Brown's death, in February, 1842, the distributive share of the bankrupt in her estate, was property. or rights of property vested in the bankrupt. It. therefore, falls directly under the category of the act. I take the plain distinction, running throughout the act, to be, that it is not intended to touch any property or rights of property, which may be acquired by a descent to him after the decree in bankruptcy, by which he has been decreed to be a bankrupt; but that it covers all his property, acquired by or descended to him, or belonging to him, before the decree. The English statutes of bankruptcy go further, and vest in the assignee all the property of the bankrupt, which comes to him by descent, distribution, or otherwise, before the discharge is granted. But this doctrine stands only upon the positive language of those statutes, and not upon any general principles of law, applicable to the subject.

The second question appears to me equally free from reasonable doubt. I take the clear rule in bankruptcy to be, that the assignee takes the property and rights of property of the bankrupt, subject to all the rights and equities of third persons, which are attached to it in the hands of the bankrupt. What is the distributive share of the bankrupt in his mother's estate? Plainly one moiety of all the assets of her estate. The debt due by the bankrupt to her estate, constitutes a part of her assets, and he cannot take his distributive share of the whole assets, without allowing and paying that debt out of it. Any other course would be a monstrous injustice, at war equally with law, and equity, and common justice. Suppose his debt were equal in amount to his whole distributive share in the other part of her assets, could it for a moment be imagined that his assignee would be entitled to take the whole of the distributive share in the other assets of the estate, and leave the debt to be proved against the

estate of the bankrupt? The present case may not be a case of mutual debts or mutual credits, in the sense of the 5th section of the bankrupt act of 1841, c. 9; and, therefore, to be set off. But if it is not, still, according to the rules of a court of equity, the assignee cannot now claim the distributive share of her assets, without making all equitable allowances attached to it; and this debt is clearly legally, as well as equitably, due to her estate. The rule of distribution should be the same, as if this very debt were now paid to her estate.

To make my opinion more clear, I will suppose the facts to be that the other assets of Mrs. Brown, in the hands of her administrator, amount to $4,000, and the debt due by the bankrupt to her estate is $1,200. The whole assets of Mrs. Brown are then $5,200; and the distributive share or moiety of the bankrupt of these assets is $2,600, from which should be deducted, as unpaid, the debt of $1,200, leaving his net distributive share, after the set-off or deduction of his debt, to be $1,400. I shall direct a certificate to be sent to the district court in conformity to this opinion.

Circuit Court of the United States, Boston, September 12, 1842. It is ordered by this court, that the following answers be certified to the district court, upon the questions adjourned into this court for a final determination. First, upon the first question. It is the opinion of this court, upon the statement of facts, that the assignee of the said George Brown is entitled, for the benefit of the creditors of the said George Brown, to his distributive share in the estate of Mary Brown deceased, as set forth in the said question, and that the said George Brown is not entitled to the same for his own use and benefit. Secondly, upon the second question. It is the opinion of this court, that the administrator of the estate of Mary Brown deceased, is entitled to set off or deduct the amount of the debt, due by the said bankrupt to the estate of the said Mary Brown, against the claim of the said assignee, for his distributive share of all her assets, including this debt. In other words, the debt is to be treated as a part of the assets of the estate of the said Mary Brown, to be distributed between her two heirs and distributees, and the debt of the said bankrupt is to be deducted from his moiety or distributive share, thus ascertained of the whole assets.

JOSEPH STORY,
One of the Justices of the Supreme Court of the United States.