### JOSHUA W. CARR *versus* LEVI LORD & *al.*

By the latter clause of the eighth section of the U. S. Bankrupt Law of 1841, declaring that certain actions should not be maintained, " unless the same shall be brought within two years after the declaration and decree in bankruptcy, or after the cause of action shall first have accrued," is intended, merely, that no suit by or against the assignee, claiming an adverse interest in any property or right of property, transferable to or vested in such assignee, and no suit by or against any other person claiming an adverse interest in the same, should be maintained, unless brought within the two years. An action upon a note, therefore, given by a person to the bankrupt, before the decree of bankruptcy, is not barred by such limitation of two years.

If an action be brought, in the name of the assignee, on a note given by the defendant to the bankrupt, without the consent or knowledge of the assignee, and before he had the actual possession of such note, he may afterwards ratify the act, and proceed to judgment in the same manner as if the suit had been originally commenced by his direction.

A note made payable to a bankrupt, after petition filed, and before the decree, passed to the assignee by operation of law, as a part of the bankrupt's effects.

STATEMENT of facts : —

" Assumpsit upon a promissory note given by the defendants to one Hiram Corliss, and is brought in the name of the plaintiff as assignee of the said Corliss in bankruptcy. The writ is dated May 1st, 1845.

" The parties agree to submit the cause to the Court upon the following facts. A nonsuit or default to be entered as the judgment of the Court may be.

" Said Corliss, on 31st December, 1842, filed in the proper court his petition to be allowed the benefit of the U. S. Bankrupt Act of August 19, 1841. On the third of January, 1843, the defendant gave him the note declared on. On the 21st of February, 1843, said Corliss was duly declared a bankrupt, and on the twenty-eighth of same February the plaintiff was duly appointed his assignee. The note has never been in the personal possession of the plaintiff, and the suit was commenced without his knowledge. On being inquired of by the defendant's counsel since the entry of the action, the plaintiff stated, that he knew nothing of any such demand, and had

not authorized the suit. Subsequently on the facts being explained to him by the attorney who had commenced the suit, the plaintiff has sanctioned it, and authorized it to proceed in his name.

"The writ and note declared on are made a part of the case and may be referred to without being copied.

"S. W. Robinson, plaintiff's attorney.

"A. H. Briggs, defendant's attorney.

*Cutting*, for the defendants, contended that the action could not be maintained : —

1. Because the suit was not brought within two years next after the cause of action accrued, nor within two years after the decree of bankruptcy. The suit is barred by the express terms of the eighth section of the bankrupt act.

2. The action was commenced in the name of the assignee without his consent or knowledge, and the note, on which the action was brought, was never in the possession of the assignee, nor upon the schedule of the bankrupt's effects.

The suit is brought in the name of Mr. Carr, as a public officer, appointed by law. A public officer cannot, as such, ratify and adopt what another has done in his name and stead. This is an attempt by the bankrupt to collect this note for his own benefit in the name of the assignee.

*S. W. Robinson*, for the plaintiff, was not present at this term, but afterwards furnished the Court with a written argument. The only question is, can action be maintained in name of assignee ?

It was rightfully commenced in his name because he was legally the owner of the note.

1. The act of Congress, (Aug. 19th, 1841, § 3,) is sufficiently plain. The time when all property passes from the bankrupt, and vests in the assignee, is when he is declared bankrupt, and makes no distinction as to property owned before petition filed, and that which he acquires afterwards, and before the decree of bankruptcy. The decree clearly passes all the property which the bankrupt owns at the time.

2. This section of the act has received an authoritative judicial construction in the C. C. U. S. — *Ex parte* Newhall, assignee of Brown. Law Rep. Vol. 5, (1842,) p. 306; S. C. 2 Story's Reports, 360.

3. " Note never in hands of assignee, and suit commenced without his knowledge." Can this make the least difference?

In the first place, the note was legally the property of the assignee, and he had a right to the possession, no matter in whose hands it might be.

In the second place :— It was competent for the assignee to make Corliss, or any body else, his agent to commence and prosecute the suit; and though he did not do this at the outset, he afterwards assented to the act of Corliss, and authorized suit to proceed in his name.

Subsequent ratification is equivalent to previous authority. This is too well settled a principle to need argument or citation. As to the point that the suit is barred by the eighth section of the bankrupt act: —

It is clear that the limitation clause only applies to the same class of cases, of which concurrent jurisdiction is by the first part of the section vested in the Circuit and District Court of the United States.

And it is expressly applicable to such cases only, where another party claims an interest adverse to the assignee, " touching the property and rights of property of said bankrupt transferable to, or vested in such assignee."

This is not a suit of such character. It is merely a suit to collect a note of the maker, who does not pretend any defence on the merits, and if he did, he certainly does not " claim any adverse *interest*" in it.

If this were a suit by the assignee against a third party, who had got the note in his hands and claimed an interest in it adverse to the assignee, the limitation would apply. In this case it does not.

The opinion of the Court, SHEPLEY, TENNEY & WELLS Justices, was drawn up by

SHEPLEY J. — The suit was commenced on May 1, 1845,

on a promissory note made by the defendants on January 3, 1843, payable to Hiram Corliss, in twenty days from date. The plaintiff is the assignee in bankruptcy of Corliss, who was decreed to be a bankrupt on February 21, 1843, on his own petition, filed on December 1, 1842.

The first objection is, that the action cannot be maintained, because it was commenced more than two years after the cause of action first accrued and after the decree in bankruptcy had been made. The latter clause of the eighth section of the act to establish an uniform system of bankruptcy declares, " no suit at law or in equity shall, in any case, be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever, unless the same shall be brought within two years after the declaration and decree in bankruptcy, or after the cause of suit shall first have accrued."

If the words, " in any case," were omitted there could be little doubt respecting the true sense and construction. It would be, that no suit by or against such assignee, claiming an adverse interest in any property or rights of property, transferable to or vested in such assignee, and no suit by or against any other person claiming an adverse interest in the same, shall be maintainable, unless, &c. Was it the intention by the use of the words " in any case" that the limitation should be applicable to suits of all descriptions, by or against an assignee, and to those suits only by or against any other person claiming an adverse interest in such property or rights of property ? Those words have no more particular connexion or relation to the maintenance of an action, by or against an assignee, than they have to the maintenance of an action by or against any person claiming an adverse interest. And it is certain, that the limitation with respect to such persons, applies only when they claim an adverse interest in such property. The former clause of the section provides, that the Circuit Court shall have concurrent jurisdiction with the District Court of all suits brought by any assignee against any person claiming an adverse interest, or by

Carr v. Lord.

any such person against such assignee. The same subject appears to have been under consideration in the framing of the latter clause ; and more general words may properly be explained and restricted by the subject of legislation. Some assistance in the exposition may be obtained by a recurrence to the tenth section. By this it is made the duty of the District Court to direct a collection of the assets at as early periods as practicable, consistently with a due regard to the interests of the creditors ; and to have the proceedings brought to a close within two years, if practicable. These provisions by implication would authorize that court to allow a longer time for the assignee to collect the assets, which would be inconsistent with a prohibition, that no suit should be maintained by an assignee after that time. Taking into consideration the subject of legislation, the arrangement of the language used in the eighth section, and the provisions of the tenth section, the conclusion is, that the limitation was not intended to include suits of this description.

Another objection is, that the suit was commenced by order of the bankrupt, without the knowledge or consent of the plaintiff, and that the note has not been in his "personal possession."

The assignee has since authorized the suit to be prosecuted in his name by the attorney, who commenced it. It is said, that one acting in an official capacity cannot ratify the acts of one assuming to act for him. However this may be, should the person assume to perform duties requiring an official sanction, there can be no doubt, that one acting in an official capacity, may employ agents to perform certain acts for him, and in such cases he may ratify their acts when performed without a precedent authority.

The note, having been made payable to the bankrupt after petition filed and before the decree, passed to the assignee by operation of law as a part of the bankrupt's assets. *Ex parte, Newhall,* 2 Story, 360. The attorney, after his proceedings had been ratified, would hold the note as the attorney of the plaintiff.                *Defendants defaulted.*