ROBERT E. JENKINS, Assignee, etc.

v.

CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. BANKRUPTCY OF PLAINTIFF—SUBSTITUTION OF ASSIGNEE—LIMITA-
TION.—The provision in the bankrupt act limiting the time in which suits
can be brought by or against an assignee in bankruptcy, has no application
to suits pending at the time of the bankruptcy, and wherein the assignee is
substituted as party plaintiff.

2. CONSTRUCTION OF LIMITATION IN BANKRUPT ACT.—The section of the
bankrupt bank act limiting the time to two years, in which to bring suit by
or against an assignee in bankruptcy, relates merely to controversies between
the assignee and a person claiming an adverse interest touching some prop-
erty or rights of property transferable to or vested in the assignee.

ERROR to the Superior Court of Cook county; the Hon.

JOSEPH E. GARY, Judge, presiding.   Opinion filed March 29, 1880.

This was an action of trover, commenced on the 16th day of July, 1872, by George R. Noyes and William D. Messenger against the Chicago and North Western Railway Company, to recover damages for the alleged conversion of a quantity of paper the property of the plaintiffs, of the value of $2,000.  The declaraaration was filed July, 24, 1872, and on the seventh day of August following the defendant appeared and pleaded.   No further proceedings were had in the cause until April 1, 1878, except that on the 8th day of April, 1874, it was called for trial, and passed in consequence of the defendant's attorneys being engaged in the trial of a cause in another court.   On the 1st day of April, 1878, by agreement of the parties, the cause was submitted to the court for trial upon the issues then joined, without the intervention of a jury, and passed.   On the 12th day of the same month, the defendant, by leave of the court, filed a plea *puis darrein continuance*, averring that the plaintiffs, on the 23d day of July, 1874, on a petition filed against them in the District Court of the United States for the Northern District of Illinois, were adjudicated bankrupts; that on the same day Robert E. Jenkins was duly appointed assignee of their estate, and accepted said trust, and received from the register in bankruptcy a deed of assignment, conveying and assigning to him said estate, and that the cause of action for which this suit was brought thereby passed to said assignee.

On the same day, said assignee appeared and filed certified copies of the order of adjudication of bankruptcy, the order appointing him assignee and his assignee's deed, and also a petition praying to be substituted in place of said Noyes and Messenger as plaintiff, and to be allowed to prosecute the suit in his own name, for the use of Joseph A. Sleeper, to whom he had sold and assigned the claim and cause of action in suit. An order was afterwards entered granting the prayer of said petition, and thereupon the defendant filed several pleas in bar. The only question arising upon this appeal relates to the second of said pleas, which is as follows:

"And for a further plea in this behalf, the defendant says that the plaintiff ought not to have his aforesaid action against it, the defendant, because it says that the several supposed causes of action in the said declaration mentioned, did not, nor did any or either of them accrue to the said plaintiff at any time within two years next before the commencement of this, his said suit, in manner and form as the plaintiff has above complained against it, the defendant, in and by his said amended declaration mentioned. And this the defendant is ready to verify; wherefore it prays judgment, if, the said plaintiff, ought to have his said action against it, etc."

To this plea the assignee filed the following replication:

" And for a replication to the said plea of the said defendant by it secondly above pleaded, the said plaintiff says *precludi non*, because it says, that the said action accrued to the said George R. Noyes and William D. Messenger within two years of the commencement of their suit against the said defendant, and in which suit the said plaintiff, as assignee of the said Noyes and Messenger, has been substituted as plaintiff in the name and stead of the said Noyes and Messenger, since they were adjudicated bankrupt. And this the said plaintiff prays may be inquired of by the country, etc."

To this replication the defendant demurred, which demurrer was sustained by the court, and said assignee electing to abide by his replication, judgment was entered on the demurrer in favor of the defendant for costs. To reverse said judgment this appeal is prosecuted.

Messrs. Sleeper & Whiton, for plaintiff in error; that the limitation clause applies only to suits begun by or against the assignee, and not to pending actions where the assignee is substituted as plaintiff, cited Kane v. Pilcher 7 B. Mon. 651; Judson v. Lathrop, 6 La. An. 587; Lotting v. Fassman, 17 N. B'y Reg. 183; Walker v. Towner, 17 N. B'y Reg. 285; Steele v. Moody, 17 N. B'y Reg. 558; Wilt v. Stockton, 15 N. B'y Reg. 23; Norton v. Villebeuve, 13 N. B'y Reg. 304; Holbrook v. Brenner, 31 Ill. 502; Stevens v. Hauser, 39 N. Y. 302; *Re* Masterton, 4 N. B'y Reg. 180; Sedgwick v. Casey, 4 N. B'y Reg. 161; Dubois v. Anderson, 6 N. B'y Reg. 145.

The application of the assignee to be admitted to prosecute a pending action, was not the commencement of a suit by him: Kane v. Pilcher, 7 B. Mon. 651; Morris v. Swartz, 10 N. B'y Reg. 305; Morris v. Swartz, 37 Tex. 13.

The assignee was only nominal plaintiff, and hence this is not a suit between an assignee and a third party: Rev. Stat. Chap. 33, § 19; Caton v. Harmon, 1 Scam. 581; Buckmaster v. Beames, 3 Gilm. 1; Triplett v. Scott, 12 Ill. 137; Smith v. Robinson, 11 Ill. 119; Robertson v. Co. Commissioners, 5 Gilm. 559; Jenkins v. Pope, 1 Ill. Syn. Rep. 301.

If this were a new suit commenced by the assignee for the use of another, the statute would be no bar: Judson v. Lathrop, 6 La. An. 587; Foster v. Wright, 60 Me. 109; Stone v. Hubbard, 7 Cush. 595; Drury v. Vannavar, 5 Cush. 442; Morris v. Swartz, 10 N. B'y Reg. 305.

Mr. A. M. HERRINGTON, for defendant in error; that the limitation section applies in this case, cited Bailey v. Glover, 21 Wall. 342.

The cause of action accrues to the assignee at the time of the execution of the assignment, and the limitation begins to run from that time: Lathrop v. Drake, 30 Leg. Intell. 141; Cogdell v. Exum, 10 B'y Rep. 327.

The limitation applies, although the suit is in the name of the assignee for the use of another: Pike v. Lowell, 32 Me. 245.

If the claim of the assignee is barred, it cannot be revived by assignment to another: Cleveland v. Boreman, 24 N. Y. 613.

A cause of action arises when the plaintiff has a right to sue the defendant: Hyman v. Bayne, 83 Ill. 256.

After assignment the assignee can alone maintain a suit: Barstow v. Adams, 2 Day, 70; Fales v. Thompson, 1 Mass. 34.

To maintain trover the plaintiff must have a right of property as well as a right of possession at the time of the alleged conversion: Ridmond v. Gould, 7 Blackf. 361; Forth v. Pensly, 82 Ill. 152; Knight v. Cheney, 5 B'y Rep. 305; Risley v. Fellows, 5 Gilm. 531

The declaration should show the title of the assignee to the property, and the proceedings by which he derived it: *In re* Wright, 4 N. B'y Reg. 627; Schuman v. Flickenstein, 75 N. B'y Reg. 224.

Bailey, P. J.   This suit was brought something more than two years before the commencement of the proceedings in bankruptcy, and was pending at the time those proceedings were instituted.  The assignee was substituted as plaintiff, under and in pursuance of the following provision of section 5047 of the revised statutes of the United States, viz:

" If at the time of the commencement of the proceedings in bankruptcy, an action is pending in the name of the debtor for the recovery of a debt or other thing which might or ought to pass to the assignee by the assignment, the assignee shall, if he requires it, be admitted to prosecute the action in his own name, in like manner and with like effect as if it had been originally commenced by him."

The defendant, by its second plea, seeks to avail itself of the limitation provided in section 5057 of said statutes, which is as follows:

" No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee.  And this provision shall not in any case revive a right of action barred at the time when an assignee is appointed."

We are of the opinion that this section has no application to the present case.  By its terms, it applies only to cases where the suit is not *brought* within two years from the time when the cause of action accrues in favor of the assignee.  The question then is, when must this suit be deemed to have been brought, within the meaning of said section?  Section 5047, under which this substitution took place, treats only of actions *pending* at the time of the commencement of the bankruptcy proceedings, and in pursuance of its provisions the assignee

Jenkins v. C. & N. W. R. R. Co.

was admitted to prosecute in his own name a *pending action:* not to commence a new one.    The present suit, notwithstanding the change of parties, is identical with the one commenced by Noyes and Messenger before their bankruptcy.    The defendant is in court, not by virtue of any new process or appearance, but by virtue of the process served and appearance entered in the original suit.    That suit was neither abated nor discontinued by the bankruptcy and the substitution of the assignee. Hammond, assignee, etc. v. Rice, 18 Vermont, 353; Wise, assignee, etc. v. Decker, 1 Cranch, C. C. 190.

In Kane v. Pilcher, 7 B. Mon. 651, it was held that the provision in the bankrupt act of 1841, limiting the time in which suits could be brought by or against an assignee in bankruptcy to two years, had no application to suits pending at the time of the bankruptcy.    We are referred to the case of Cogdell v. Exum, 69 N. C. 464, as holding a contrary doctrine.    That was a suit commenced by the bankrupt in his own name *after the adjudication of bankruptcy*, and so, was not an action pending at the time of the commencement of the bankruptcy proceedings.    The assignee, after the expiration of two years from the date of his appointment, interposed and was substituted as plaintiff, and it was held that his substitution did not have the effect to relate back to the date of the commencement of the suit by the bankrupt, so as to defeat the limitation. We see no conflict between this case and that of Kane v. Pilcher.    At the time of the commencement of the suit, the interest which the bankrupt had formerly in the claim sued on was vested in his assignee, and he was a mere stranger to the subject-matter of the litigation.    It has never been held that the substitution of the real party in interest as plaintiff in a suit brought by one who had no right to litigate, would relate back to the commencement of the suit so as to defeat the bar of the statute.    It is only where there is a change of interest *pendente lite*, that the assignee may avail himself of a suit commenced by his assignor.

But there is another reason why said section 5057 cannot apply to this case.    That section relates merely to controversies between the assignee and a person claiming an adverse

interest, touching some property or rights of property transferable to or vested in the assignee. This suit is not a controversy touching any specific property or rights of property; nor is the defendant an adverse claimant within the meaning of the statute. . The suit is brought to recover damages for the conversion of property, and not to recover the property itself. The defendant is not in the position of one setting up an adverse claim to such damages, but of one merely denying that any damages have accrued. There are numerous authorities holding that the limitation provided in said section has no application to suits of this character.

*In re* Conant, 5 Blatch. 54, Nelson, J., discussing the corresponding section of the Bankrupt Act of 1841, says: "It is obvious, from a careful perusal of this section, that the limitation applies only to suits growing out of disputes in respect to property and rights of property of the bankrupt, which come to the hands of the assignee, and to which adverse claims existed while in the hands of the bankrupt, and before the assignment." In Sedgwick, assignee, etc. v. Casey, 4 Nat. Bank. Reg. 496, suit was brought by the assignee to recover for wages due the bankrupts, on an agreement between them and the defendant, and it was held that said limitation had no application to such suit. In the opinion, Blatchford, J., after reciting the section in question, says: "This suit does not fall within that provision. It is a suit merely to collect a debt or enforce the payment of money due on a contract. The plaintiff does not claim an interest adverse to the defendant in or touching any property or right of property of the bankrupts, transferable to or vested in the plaintiff as their assignee, nor does the defendant claim any interest adverse to the plaintiff in or touching any such property or right of property. The defendant claims no ownership of, or title to, the debt or contract which the plaintiff is seeking to enforce against the defendant. Nor does the plaintiff claim any ownership of, or title to, any specific property or right of property as having passed to him by virtue of his appointment, which the defendant also claims to own. Nor does the defendant claim any ownership of, or title to, any specific property which belonged to the bankrupts.

The limitation of two years applies only to such controversies." See, also, Davis v. Anderson, 6 Nat. Bank. Reg. 145; Latting v. Fassman et al. 17 Id. 183; Smith v. Crawford, 9 Id. 38; Carr v. Lord, 29 Me. 51.

Applying these principles to the pleadings in this case, we are of the opinion that the replication is defective, but that the demurrer should have been carried back and sustained to the plea. The replication, by seeking to tender an issue of fact, assumes the applicability to controversies of this character, of the limitation sought to be invoked by the plea. It is in the nature of a confession and avoidance. It seeks to meet the allegation that the cause of action did not accrue to the assignee within two years next before the commencement of his suit, by averring that the suit was commenced by the bankrupts, and that the cause of action accrued to them within two years next prior to the commencement of their action, and that the assignee had been substituted for them since the adjudication of bankruptcy. We are unable to perceive how it can be material whether the cause of action accrued to the bankrupts within two years before the commencement of an action by them or not. The two years' limitation has no application to them. They were governed by the limitation provided by state law, which is five years. If their suit was brought before the commencement of the bankruptcy proceedings, and was not barred by the state law, the assignee,on being substituted after adjudication,would stand in their place, and be entitled to all their rights.

The principal defect in the replication, however, is that it fails to aver whether the suit was commenced by the bankrupts before or after the adjudication of bankruptcy. This averment was material, for if it was commenced after the adjudication, then, under the rule laid down in Cogdell v. Exum, *supra*, a subsequent substitution of the assignee would not relate back to the date of the commencement of the action, so as to defeat the bar of the statute.

The plea, however, is clearly defective. It sets up a defense which is no bar to the plaintiff's action, and the court, on deciding the demurrer, should have held it insufficient. The judgment will therefore be reversed and the cause remanded.

Judgment reversed.