## H. V. Beeson v. Iowa T. Shively.

1. PROMISSORY NOTE, *Title to, Passed to Assignee in Bankruptcy.* S., who was the guardian of W., a minor, took a promissory note from B., payable "to S., guardian of W." This note was taken in a transaction and for a debt which had no connection with the minor's estate, and the probate court never ratified the transaction; but, on the contrary, ordered and adjudged that the note should not be considered as any part of the minor's estate. Afterward, S. was adjudged a bankrupt, and his estate was properly and legally assigned to M. as his assignee in bankruptcy. *Held,* That the title to the note at the time of the assignment in bankruptcy was in S., and passed from S. to M., the assignee in bankruptcy; and that after that time M. was the only person who had any right or authority to sue upon the note or to collect the same; and this would be so whether M. obtained the possession of the note, or not.

2. DEFENDANT, *Not Estopped by Former Answer.* In an action in which M., the assignee in bankruptcy, and B., the maker of the note, were parties, M. alleged in his pleading that he was the owner of the note, and asked judgment accordingly; B. replied, denying M.'s ownership of the note. This action was dismissed, before judgment, without prejudice. Afterward, S. assigned the note to the present plaintiff, who commenced this action against B. on the note for the recovery of the amount due thereon, and B. answered, alleging that the present plaintiff was not the owner of the note, but that M., the assignee in bank-

ruptcy, was. *Held*, That B. is not estopped by his former answer denying that M. was not the owner of the note from interposing his present answer, setting forth and alleging that M. is the owner of the note, and that the present plaintiff is not the owner thereof.                          :

3. PROMISSORY NOTE, *Title to, Not Transferred to Bankrupt.* The note was never in the possession of M., and M. never attempted to collect the same, or any part thereof, except as above stated in No. 2 of this syllabus, and M. never commenced any action to recover the possession of the note. After more than two years had elapsed after the assignment in bankruptcy, S. assigned the note to the present plaintiff, who commenced the present action thereon. *Held*, That the provisions of ᵶ 2 of the bankrupt act, ᵶ 5057 of the United States Revised Statutes, did not have the effect, at the end of two years after the assignment in bankruptcy had been consummated, to transfer the title to the note back from M., the assignee in bankruptcy, to S., the bankrupt, but that the title to the note still remains in M., the assignee in bankruptcy; and therefore, that S. had no right or authority to transfer the note to the present plaintiff; and therefore, that the present plaintiff cannot maintain the present action.

### *Error from Miami District Court.*

ACTION brought by *Iowa T. Shively* against *Beeson* and three others, on a promissory note. Trial at the February Term, 1882, of the district court, and judgment for plaintiff. The defendants bring the case here. The opinion states the facts.

*Beeson & Baker*, for plaintiffs in error.

*W. B. Brayman*, and *George Kingsley*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Iowa T. Shively against H. V. Beeson, G. A. Colton, A. J. Shannon, and A. Wilgus, assignee of H. V. Beeson, to recover on the following promissory note, to wit:

"$1,500.                     PAOLA, KANSAS, April 6, 1870.

Fifteen months after date, we promise to pay to the order of W. T. Shively, guardian of Ida Ward, fifteen hundred dollars, with 8 per cent. interest per annum from date until paid. Value received.                          H. V. BEESON."

Indorsed: "G. A. COLTON, A. J. SHANNON."

Judgment was rendered in the court below in favor of the plaintiff and against the defendants for the amount of the note; and the defendants, as plaintiffs in error, now bring the case to this court for review.

The facts of the case as they appear from the pleadings of the parties and the report of the referee who tried the case in the court below are substantially as follows: On April 6, 1870, and prior thereto, H. V. Beeson and W. T. Shively were partners in business. Also, at the same time and for some time subsequently thereto, W. T. Shively was the guardian of Ida Ward, a minor, and of her estate. On April 6, 1870, Shively sold his interest in the partnership business to Beeson, and the note in controversy was given by Beeson to Shively in part payment for Shively's interest in the business. Previous to that time, Shively had used some of the funds belonging to his ward's estate, and therefore, and for the purpose of repayment, and for the purpose of making the note a part of the property of his ward's estate, he took the note payable "to W. T. Shively, guardian of Ida Ward." As will be seen, this note became due on July 6, 1871. On July 26, 1871, Beeson, being insolvent, made an assignment of his property for the benefit of his creditors. On December 26, 1871, Shively's guardianship of Ida Ward and of her estate terminated, and T. M. Carroll was appointed as his successor. On January 31, 1872, a petition was filed in the United States district court against W. T. Shively for the purpose of having him adjudged to be a bankrupt, and on February 3, 1872, his bankruptcy was so adjudged. On March 14, 1872, Herman Markson was appointed assignee in bankruptcy for W. T. Shively's estate; and on March 15, 1872, a proper assignment of Shively's estate was made to him. On March 25, 1872, Shively filed his papers in the probate court of Miami county for final settlement as the guardian of the estate of Ida Ward. In this proposed settlement Shively claimed a credit for the amount of the note. On May 8, 1872, Shively's successor, T. M. Carroll, objected to the allowance of this credit, and on September 10, 1872,

the objection was sustained by the probate court, and the credit disallowed. In April, 1873, Ida Ward attained her majority. On July 21, 1873, Ida Ward commenced an action against the defendants in this action to recover on the promissory note now in controversy, Shively agreeing to pay the costs of the suit provided she failed in her action. In such action, the defendants pleaded that Ida Ward was not the real party in interest—not the real owner of the note; and the court so found, and rendered judgment against her for costs. Afterward, and on July 7, 1874, Shively executed an assignment of the note to William Crowell and A. G. McKenzie, who were the sureties on his bond as guardian of Ida Ward, for the purpose of securing them as his sureties; and on July 9, 1874, Crowell and McKenzie commenced an action against the present defendants to recover the amount of the note. In this action, Herman Markson was on July 5, 1875, made a party defendant, and Markson answered, claiming that he was the owner of the note, and asked judgment accordingly. The present defendants replied to Markson's answer, denying his ownership of the note. On October 21, 1878, this action of Crowell and McKenzie against the present defendants and Markson was dismissed without prejudice. In October, 1879, W. T. Shively and A. G. McKenzie assigned the note to the present plaintiff, Iowa T. Shively, and since that time Crowell and McKenzie have disclaimed all interest in the note. After said assignment, and on October 15, 1879, the plaintiff, Iowa T. Shively, commenced this present action. In this present action the defendants answered, setting up among other things that Iowa T. Shively was not the real party in interest—not the real owner of the note—but that the note belonged to Herman Markson, the assignee in bankruptcy of the estate of W. T. Shively. This question as to the ownership of the note was the principal question to be determined in the case in the court below, and is now the principal question to be determined. In the court below the case was referred to a referee, who found all the facts specially, and from these facts concluded that Iowa T.

37 — 28 KAS.

Shively was not the owner of the note, but that in fact it belonged to Herman Markson, the assignee in bankruptcy; and in conclusion recommended that judgment be rendered against the plaintiff for costs. But the court below concluded from the facts agreed upon and found that Markson was not the owner of the note, but that Iowa T. Shively was, and rendered judgment accordingly in her favor and against the defendants for the amount of the note, and costs. From this judgment the defendants now appeal, and bring the case to this court on petition in error.

Other facts with reference to the case will be found reported in 24 Kas. 352, *et seq.;* for this is the second time that the case has been to this court.

The plaintiffs in error (defendants below) do not claim that the note still belongs to W. T. Shively, or that it belongs to Ida Ward, or to Crowell, or McKenzie; but they claim that it belongs to Herman Markson, assignee in bankruptcy of the estate of W. T. Shively, and that he alone has the right and the authority to sue thereon, or to collect the amount thereof; and in this we think the plaintiffs in error are correct. The note was given for the individual debt of W. T. Shively, and his ward never had any interest in such debt, and the probate court never assented that the note should become any part of the estate of Ida Ward; but on the contrary, adjudged and ordered that it should not become any part of her estate, and in effect held that Shively and his sureties should remain personally responsible for the full amount of all the assets of her estate that came into Shively's hands not otherwise accounted for; and upon these facts the district court, in the case brought by Ida Ward against the present defendants, also held and adjudged that the note did not belong to Ida Ward or to her estate, and therefore that she could not recover thereon. Therefore, at the time when Shively became a bankrupt, and when the assignment in bankruptcy was consummated, Shively owned the note, and the title thereto passed by the assignment from Shively to Markson, (Bankrupt Act, § 14, U. S. Rev. Stat.

1. Promissory note, title to, passed to assignee in bankruptcy.

§§ 4044, 5046, 5047,) and Markson alone became the only person who had any authority to sue upon the note. See sections above cited, and *Deadrick v. Armour*, 10 Humph. (Tenn.) 588, 598, 599; *Berry v. Gillis,* 17 N. H. 1, 17.

It is true, as claimed by the defendant in error (plaintiff below), that Markson never had the possession of the note, never collected anything thereon, and never attempted to collect anything thereon, except by filing his answer in the action brought by Crowell and McKenzie against the present defendants, and that the note has always been in the possession of W. T. Shively, or of Crowell and McKenzie, or of the present plaintiff, Iowa T. Shively. But we do not think that these facts make any material difference. When the assignment in bankruptcy was consummated, Markson became the owner of the note, with the exclusive right to sue thereon, whether he obtained possession of the note or not.

It is also claimed by the defendant in error (plaintiff below), that the present defendants, by denying Markson's ownership of the note, and by denying his right to collect the same in the suit brought by Crowell and McKenzie against the present defendants, are estopped from now claiming that Markson is the owner of the note, and the only person entitled to sue thereon. This claim we think is erroneous. It must be remembered that no adjudication was had in the case of Crowell and McKenzie against the present defendants; but that the action was dismissed without prejudice.

2. Defendant, not estopped by former answer.

But it is further claimed by the defendant in error, plaintiff below, that as no suit was brought on the note, or for the possession thereof, by the assignee in bankruptcy, within two years after the assignment of the estate to him, and within two years after the cause of action accrued thereon in his favor, that his supposed right to the note, and his supposed cause of action thereon or for the possession thereof, is barred by virtue of the provisions of § 2 of the bankrupt act — § 5057, U. S. Rev. Stat.; that is, it is claimed that by virtue of the provisions of said §§ 2 and 5057, Markson's right of action

against the present defendants for the recovery of the amount of the note, and his right of action against Shively, for the possession of the note, are barred.    We hardly think that

**3. Promissory note, title to, not transferred to, bankrupt.** this claim of the defendant in error is correct. A suit merely to collect a debt, or to enforce the payment of money due on a promissory note, does not fall within the provisions of these sections barring causes of action, (*Sedgwick v. Casey*, 4 Nat. Bank'g Reg., 496; same case, 3 Chic. L. N. 177; *Smith v. Crawford*, 9 Nat. Bank'g Reg., 38; same case, 6 Ben. D. C. 497; *Carr v. Lord*, 29 Me. 51;) and the interest adversely claimed, which the provisions of these sections are designed to protect, is an interest in a claimant other than the bankrupt. (*Clark v. Clark*, 58 U.S. [17 How.] 315; *Pickett v. McGavick*, 14 Nat. Banking Reg., 236, 238.)    But whether we are correct, or not, in this, we think is wholly immaterial so far as this case is concerned, for so long as the estate of W. T. Shively is in process of administration and settlement in the bankruptcy court, we do not think that any person can sue for the recovery of the assets of the estate, except the assignee thereof; and while the estate is in process of administration and settlement in the bankruptcy court, we do not think that the mere failure of the assignee to sue upon a claim in favor of the estate, until after the two-years statute of limitations provided for in said §§ 2 and 5057, has run against the claim and barred its recovery, will give to the bankrupt himself, or to any assignee of his that became such assignee after the proceedings in bankruptcy were commenced, any right to sue on such claim or for the recovery of such claim.    It is the duty of the bankrupt, and of the creditors of the estate, as well as of the assignee in bankruptcy, to see that the assignee in bankruptcy sues upon all claims belonging to the estate within the proper time.    But undoubtedly after all proceedings in the bankruptcy court with reference to the estate have terminated, and the assignee has been discharged, then if the claim is still unpaid and not barred by any other statute of limitations, either the bankrupt himself or his assignee or

creditors could sue on the claim for its recovery; and undoubtedly in the present case when all bankruptcy proceedings shall have terminated and the assignee in bankruptcy been discharged, the present plaintiff, Iowa T. Shiveley, may sue the present defendants for the recovery of the amount of the note, provided no statute of limitations except said §§ 2 and 5057 have run against the claim and barred its recovery; her right, however, probably being subject to the prior right of the creditors of W. T. Shively to receive the amount of the note.    It would seem that at the time that this case was tried the proceedings in bankruptcy had not been terminated, and that the assignee in bankruptcy, Markson, was still acting; and hence, although the note is still due and unpaid, yet no one but Markson can sue upon it or for its recovery.

The judgment of the court below will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.