[No. 13898.   Department Two. — January 19, 1891.]

# N. C. SMITH, RESPONDENT, v. G. F. MOHN, SEN., APPELLANT.

VENDOR AND PURCHASER — CONTRACT OF SALE — EXECUTION — FINDINGS — EXHIBIT — SURPLUSAGE. — If a contract for the purchase of land is set out *in hæc verba* in the complaint, a finding that the vendor entered into an agreement in writing with the vendee for the sale of the land upon the terms and conditions set forth in the complaint is a sufficient finding that the vendee executed the contract; and a further reference in the findings to an exhibit, which is not made a part of the pleadings, findings, or record, may be rejected as surplusage.

ID. — FINDINGS — AMOUNT DUE UPON CONTRACT. — A finding of the amount due the vendor upon the contract is sufficient, without stating that it was due from the vendee, where the vendor and vendee are the only parties who signed the contract.

ID. — FRAUD — PURCHASE BY THIRD PARTY — AFFIRMATIVE DEFENSE — SUFFICIENCY OF FINDINGS. — Affirmative matter, alleged in the answer, that the vendee's signature to the contract was obtained by fraud, and that a third party was the purchaser and the real party in interest, and was so accepted and regarded by the vendor, is sufficiently met and covered by a finding that the signature was not obtained by fraud, and that the vendor did not accept and receive the contract with knowledge and notice that the third party was the real purchaser.

ID. — PLEADING — PERFORMANCE OF CONDITIONS PRECEDENT. — An averment that the vendor duly performed all of the conditions of the contract to be performed by him up to the time of bringing suit is a sufficient averment of the performance of conditions precedent.

ID. — TIME OF ESSENCE OF CONTRACT — DEFAULT OF VENDEE — ACTION FOR PURCHASE-MONEY. — Under a contract for the sale of land, providing that time shall be of its essence and that a failure on the part of the vendee to comply with its terms shall forfeit all his rights thereunder, the failure of the vendee to make the payments provided for does not make the contract void as to the vendor, and he may, upon default of the vendee, enforce the contract, and sue for the amount of purchase-money due.

FINDINGS — ULTIMATE FACTS. — Findings should respond to and cover all material issues raised by the pleadings, but they should be statements only of ultimate and not of probative facts, and will be held sufficient where all the material ultimate facts are passed upon.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

87  489
90  494
91  609
87  489
95  200
87  489
98  171
87  489
109  274
87  489
113  17
87  489
138  103

*Brunson, Wilson & Lamme,* for Appellant.

There is no finding as to whether or not appellant executed the contract set forth in the complaint; he admits having signed it, but denies that he ever entered into it. "Entering into it" is equivalent to signing, sealing, and delivering, and means something .more than the mere signing. (*Bagley* v. *McMickle,* 9 Cal. 430; *Ricketts* v. *Harvey,* 78 Ind. 153; 1 Bouv. Law Dict. 494.) Nor is there any finding as to the terms and conditions upon which the sale was made. It is true, the court finds that appellant agreed to purchase the land upon the terms and conditions set forth in the complaint and in exhibit No. 2, but this exhibit is not made a part of the pleadings, findings, or record, or referred to, except in this manner; and while it is a well-settled rule that findings may refer to the pleadings for facts without setting them out, it can only do so where those facts are sufficiently stated in the pleadings. (*McEwen* v. *Johnson,* 7 Cal. 258; *Spaulding* v. *Wesson,* 84 Cal. 141.) The findings do not embrace all of the material issues of the pleadings. Findings must respond to and embrace every material issue raised by the pleadings, including the affirmative matter set up in the answer, even though no evidence be introduced in support thereof. (*Schroeder* v. *Jahns,* 27 Cal. 280; *People* v. *Forbes,* 51 Cal. 628; *People* v. *Fuqua,* 61 Cal. 377; *Swift* v. *Canavan,* 52 Cal. 417; *Billings* v. *Everett,* 52 Cal. 661; *Mahoney* v. *Braverman,* 54 Cal. 565; *Cassidy* v. *Cassidy,* 63 Cal. 353; *Phipps* v. *Harlan,* 53 Cal. 87; *Baggs* v. *Smith,* 53 Cal. 88.) If the respondent desired to enforce the contract as against appellant, after the first day of May, 1888, he should, prior to that time, have tendered the deed and demanded the payment of the balance of the purchase price, but failing in this, he was in default, and no tender thereafter could give him any right of action as against the appellant. (*Cleary* v. *Folger,* 84 Cal. 316; *Grey* v. *Tubbs,* 43 Cal. 362; *Magee* v. *McManus,* 70 Cal. 554.) The cove-

nants of the contract are mutual and dependent, and in
order to enable respondent to maintain this action, it
must be shown that he performed, or offered to perform,
all the terms and conditions of the contract within the
time specified. (*Hill* v. *Grigsby*, 35 Cal. 656; *S. S. & L.
S.* v. *Hildreth*, 53 Cal. 721; *Englander* v. *Rogers*, 41 Cal.
420; *Bohall* v. *Diller*, 41 Cal. 532; *Kelly* v. *Mack*, 45 Cal.
303; *Shinn* v. *Roberts*, 1 N. J. L. 435; 43 Am. Dec. 636.)

*Jay E. Hunter*, and *Dunn & Hunter*, for Respondent.

As appellant does not deny the terms of the contract,
but admits signing it, this is an admission of the terms
of the contract. As the terms are admitted, no finding
on that subject was necessary. (*Swift* v. *Muygridge*, 8
Cal. 445; *Fox* v. *Fox*, 25 Cal. 588; *Grossini* v. *Perazzo*, 66
Cal. 545; *Pomeroy* v. *Gregory*, 66 Cal. 572; *Walker* v.
*Brem*, 67 Cal. 599; *Taylor* v. *Central Pac. R. R. Co.*, 67
Cal. 615.) The court found that the parties executed a
contract, and it also found the terms and conditions of
sale. There is no basis for the presumption that appel-
lant did not agree to purchase the lot upon the terms
and conditions set forth, as a presumption cannot be
made contrary to a fact found, nor of facts outside the
issues. (*Bernal* v. *Gleim*, 33 Cal. 668-676; *Gifford* v.
*Carvill*, 29 Cal. 589-596.) As the fact of indebtedness
of appellant to respondent results by necessary inference
from the finding that money was due to respondent upon
the contract, and that appellant was the only other party
to the contract, and the only defendant in this action,
the fact of such indebtedness of appellant to respondent
will be treated as found. (*Pacific Mutual Ins. Co.* v.
*Stroup*, 63 Cal. 150-154; *Joseph* v. *Dougherty*, 60 Cal. 358;
*Osborne* v. *Clark*, 60 Cal. 622; *Davis* v. *Baugh*, 59 Cal.
568-576.) The findings embrace every material fact put
in issue by the pleadings. The failure to find on an im-
material issue tendered by the pleadings is not error.
(*Knowles* v. *Seale*, 64 Cal. 377; *Robarts* v. *Haley*, 65 Cal.

402.) If the court, in its findings, does not expressly find on an issue made, it will be presumed that the finding on such issue was in favor of the party who prevailed in the action. (*Lovell* v. *Frost*, 44 Cal. 471.) The allegation in the complaint that plaintiff has "duly performed all of the conditions of said contract to be performed by him up to this time, and has been constantly, and now is, ready and willing, and prior to the institution of this suit offered," is not denied, by the answer, and is therefore not one of the issues in the case. No finding on this question was necessary, and the finding which was entered may be treated as surplusage. (*Swift* v. *Muygridge*, 8 Cal. 445; *Fox* v. *Fox*, 25 Cal. 588; *Grossini* v. *Perazzo*, 66 Cal. 545; *Walker* v. *Brem*, 67 Cal. 599; *Pomeroy* v. *Gregory*, 66 Cal. 572; *Taylor* v. *C. P. R. Co.*, 67 Cal. 615.) In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. (Code Civ. Proc., sec. 457.) As to the form of allegation showing performance, an allegation that the plaintiff has "fully performed," on his part, all conditions of the contract, is sufficiently explicit. (*California Steam Nav. Co.* v. *Wright*, 6 Cal. 258; 65 Am. Dec. 511; *People* v. *Jackson*, 24 Cal. 630; *People* v. *Holladay*, 25 Cal. 303; *Rhoda* v. *Alameda Co.*, 52 Cal. 350; *Himmelman* v. *Danos*, 35 Cal. 441–448; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 416–431; *Griffiths* v. *Henderson*, 49 Cal. 566–570; *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633–638; *Moritz* v. *Lavelle*, 77 Cal. 10–12; 11 Am. St. Rep. 229; *Cowan* v. *Phœnix Ins. Co.*, 78 Cal. 181; Bliss on Code Pleading, sec. 301, ed. of 1879.)

BELCHER, C. —This action was commenced on the nineteenth day of April, 1889, to recover the sum of one thousand dollars, with interest thereon, alleged to be due

from defendant to plaintiff under a contract for the sale of land.

It is alleged in the complaint that on the sixth day of September, 1887, the plaintiff and defendant entered into a written agreement, a copy of which is set out in full, whereby the plaintiff, as party of the first part, agreed to sell and convey to the defendant, as party of the second part, and the latter to buy, a certain described parcel of land for the sum of two thousand two hundred dollars, to be paid as follows: Seven hundred dollars cash, the receipt of which was acknowledged, five hundred dollars on January 1, 1888, and the balance of one thousand dollars on May 1, 1888, with interest at eight per cent.

It is further alleged that the first two payments were made, and that the sum of one thousand dollars, with interest, "became due, according to the terms of said contract, on the first day of May, 1888, no part of which has been paid by defendant, although often requested so to do; that plaintiff has duly performed all of the conditions of said contract to be performed by him to this time, and has been constantly, and now is, ready and willing, and prior to the institution of the suit offered, to execute and deliver to defendant a deed of said premises, together with a certificate of title, upon compliance by defendant with the terms of said contract as therein set forth, but defendant said he would not accept a deed, and refused to pay said money."

The agreement set out contains this provision: "It is further agreed that time is of the essence of this contract; and in the event of a failure to comply with the terms hereof by said party of the second part, the said party of the first part shall be released from all obligations in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, and to moneys theretofore paid under this contract, and all his interest in or to said moneys or said property

shall thereupon immediately cease as fully as if said moneys had never been paid or this agreement entered into. And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, agrees to execute and deliver to the said party of the second part, or to his assigns, a good and sufficient deed, with certificate of title."

The defendant, by his answer, denied that "plaintiff and defendant entered into the written agreement, a copy of which is set out in the complaint," admitted that he signed it, and averred "that his signature thereto was obtained by false and fraudulent representations of the said plaintiff, made by and through his agents employed by him for the sale of said premises in said contract described." He then states that he was solicited by one C. J. Longstreet to purchase the property, and declined to do so; that Longstreet and D. G. White, his partner in the real estate agency business, informed him that they had contracted to purchase the property in his, defendant's, name, and had paid on account of the purchase price a sum of money which they claimed to have advanced for him; that he then and there refused to confirm the purchase or to take the property, whereupon they produced the written contract, a copy of which is set out in the complaint, and which had then been signed by the plaintiff, and insisted that he should execute it and become the purchaser of the property, and that he positively refused to make the purchase or sign the contract; that upon such refusal they informed the agent of plaintiff for the sale of the property that defendant refused to sign the contract, and offered to return the same to the agent and cancel it, and demanded a return of the money paid by them on account thereof, but the agent refused to receive or cancel the contract or to repay the money; that thereupon it was agreed between them that White should become the purchaser, procure the signature of defendant to the contract, and

take an assignment thereof, and pay the balance of the purchase price; that Longstreet and White informed defendant of this agreement, and requested him to attach his signature to an assignment indorsed on the contract to White, and that he at first refused, but finally did it upon their assurance that it was a mere matter of form, and that he would incur no liability thereunder; that subsequently, upon like request and assurance, he signed the contract; that the plaintiff thereafter received the contract, and the first and second payments therein provided for, with full knowledge and notice that White was the purchaser of the property, and the real party in interest as the vendee thereof; and that the plaintiff did not at any time call upon defendant for any money or to comply with any of the terms of the contract, until after White had made default in the last payment, and that defendant never did make any payment for or on account of the said purchase, or furnish any money therefor.

The case was tried, and the findings of the court were as follows: 1. That on the sixth day of September, 1887, the plaintiff, being the owner of the parcel of land described, " entered into an agreement in writing with the defendant, G. F. Mohn, Sen., whereby the plaintiff agreed to sell and the defendant agreed to buy said land upon the terms and conditions set forth in plaintiff's complaint and the exhibit marked 'Plaintiff's Exhibit No. 2'"; 2. That Longstreet and White were not the agents of plaintiff, or employed by him for the sale of the said premises; 3. That the signature of the defendant to the said agreement of purchase and sale was not obtained by false and fraudulent representations of the plaintiff, made by and through his agents; 4. That plaintiff did not accept and receive the contract, or the first and second payments thereon, with the knowledge and notice that White was the purchaser of the property, or the real party in interest as the vendee thereof; 5. That the

plaintiff, prior to the institution of this suit, offered to execute and deliver to defendant a deed of the premises, together with a certificate of title, and demanded of him the balance due on the contract, but defendant declined to accept the deed, and refused to pay the money; 6. That there is now due the plaintiff upon said contract the sum of $1,167, principal and interest.

The court gave judgment for the plaintiff for the amount found due, with costs, and the defendant appealed.

It is contended for appellant that the findings were defective and insufficient in several particulars.

1. It is claimed that there was no sufficient finding that defendant ever executed the contract set forth in the complaint, or as to what were the terms and conditions upon which the sale was made. This position is rested upon the last clause of the first finding, that the parties entered into an agreement to sell and buy the land upon the terms and conditions set forth in the complaint, *and* the exhibit marked "Plaintiff's Exhibit No. 2." It is said that this exhibit is not made a part of the pleadings, findings, or record, and is not referred to, except in this manner. But the contract of sale was set out *in hæc verba* in the complaint. The defendant admitted that he signed that contract, and only alleged, in substance, that he did not execute it in a legal sense, for the reason that his signature was obtained by fraud. There is no question, therefore, as to what were the terms and conditions of the contract which the defendant signed, and on which the plaintiff relied for a recovery. The only question, then, is, Was the defendant bound by the contract? or not bound by it, because of the alleged frauds? The words " and the exhibit marked 'Plaintiff's Exhibit No. 2,'" may be rejected as surplusage, as the finding is complete without them. It may be remarked, in this connection, that the evidence is not brought up in the record, and we are not advised as to

what was introduced, but, if need be, we might assume that plaintiff offered his contract and it was received and marked as his "Exhibit No. 2."

It is next objected that the court found only the amount "due the plaintiff upon said contract," and not that the sum named was due from defendant. But as the plaintiff and defendant were the only parties who signed the contract, it must follow as a necessary infer- ence, in view of the other findings, that if anything was due the plaintiff it was due from the defendant. We think therefore that this finding was sufficient.

It is further objected that the findings as to the affirm- ative matters set up in the answer were not sufficient. The substance of these matters is: 1. That defendant's signature to the contract was obtained by fraud, consist- ing of false and fraudulent representations, etc.; 2. That White was the purchaser and the real party in interest, and was so accepted and regarded by the plaintiff.

It is true that findings should respond to and cover all of the material issues raised by the pleadings, but they should be statements only of the ultimate facts, and not of the probative facts. (*Mathews* v. *Kinsell*, 41 Cal. 512.) In this case we think the findings did meet and negative all the ultimate facts affirmatively alleged in the answer, and that they should be held sufficient.

It is also contended that, under the rule that plead- ings are to be construed most strongly against the pleader, the averment in the complaint that plaintiff, "prior to the institution of this suit, offered to execute and deliver to defendant a deed of said premises, together with a certificate of title, upon compliance," etc., must be construed as relating to a time immediately preced- ing the institution of the suit; that the offer of a deed and demand of payment were therefore not made until nearly eleven months after the money sued for became due and payable; and that plaintiff, by his neglect to tender the deed and demand payment when the money

became due, had lost all right to sue for and recover the money under the express provisions of the contract. The provisions of the contract relied upon as effecting this result are those above quoted.

It will be observed that it is also averred in the complaint "that plaintiff has duly performed all of the conditions of said contract to be performed by him to this time." This was a sufficient averment of the performance of conditions precedent (Code Civ. Proc., sec. 457), and it is not denied by the answer. This being so, how can it be said that plaintiff was in default, and thereby lost his rights?

But however this may be, it should be noticed that the substance of the provisions relied upon is, "that time is of the essence of the contract; and if defendant shall fail to comply with its terms, then the plaintiff shall be released from all obligations to convey the property, and defendant shall forfeit all right thereto and to the moneys paid, and all his interest in or to the said moneys and property shall immediately cease as fully as if the moneys had never been paid or the agreement entered into."

In this there is no provision that the plaintiff shall forfeit his rights if the money is not paid on time; and in *Wilcoxson* v. *Stitt*, 65 Cal. 596, 52 Am. Rep. 310, where a similar contract was under review, it was held that the failure of the vendee to make the payments provided for did not make the contract void, so far as the vendor was concerned, but that he had the option to avoid or enforce the contract, and might, if he elected to do so, sue for and recover the balance of the purchase-money.

That case seems to be decisive of this; and as the above are all the points made for a reversal, we advise that the judgment be affirmed.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.