[Civ. No. 1259.   Second Appellate District.—February 5, 1915.]

## BECKWITH–ANDERSON LAND COMPANY, Respondent, v. W. B. ALLISON, Appellant.

CONTRACTS — BROKER'S COMMISSION — PROCURING PURCHASER OF REAL PROPERTY—EFFECT OF ABANDONMENT OF PURCHASE—CONSTRUCTION OF CONTRACT.—Where a contract for the sale of real property executed by real estate agents upon behalf of the owner unconditionally provides that upon the failure of the purchaser to comply with the conditions of the contract, the amount paid thereunder should be forfeited as damages for the nonfulfillment of such conditions, the proposed purchaser has an option to purchase, without any obligation beyond the fact that he is subject to the loss of his forfeit money if he does not complete the transaction, and where under such circumstances such abandonment occurs, the agents who procured such purchaser are not entitled to recover commissions from the vendor, notwithstanding the fact that such vendor thereafter gives his assent to the abandonment of such contract.

APPEAL from a judgment of the Superior Court of Tulare County.  J. A. Allen, Judge.

The facts are stated in the opinion of the court.

C. L. Russell, for Appellant.

Power & McFadzean, and G. W. Zartman, for Respondent.

CONREY, P. J.—This is an appeal from a judgment entered in favor of the plaintiff.   It is presented upon the judgment-roll and a transcript of the evidence.

The plaintiff is a corporation.   S. B. Anderson and H. H. Beckwith are partners doing business under the name of Beckwith & Anderson.   The action is by the corporation, which seeks to recover the sum of one thousand five hundred dollars on an alleged contract to pay commissions for services rendered in procuring a purchaser for certain real and personal property of the defendant.   The material facts are as follows: On October 4, 1910, the defendant gave "to the Beckwith-Anderson partnership" the exclusive right for the term of three months to sell the property in question for thirty-three thousand five hundred dollars.   According to the undisputed testimony this contract was by subsequent

agreement continued in force until on and after March 25, 1911. Plaintiff's action is upon an alleged written contract between plaintiff and defendant of date March 25, 1911, concerning which the evidence is as follows: On March 22, 1911, a letter signed Beckwith-Anderson Land Co., was sent by Mr. Beckwith from Tulare, California, to the defendant at Mesa, Arizona, in which the former writing is referred to as "our option," and stated an offer received to purchase said property for thirty thousand dollars, payable fifteen thousand dollars cash on the making of the transfer and the balance in one, two, and three years at six per cent. The letter says: "If you should consider this we would want to retain as a commission for ourslves 5%, being fifteen hundred ($1500.00) dollars out of the first cash payment of fifteen thousand ($15,000.00)." Under date of March 25th defendant telegraphed: "To Beckwith and Anderson, Tulare, California. Accept offer, and write me when deal is closed." On or about April 3d and under that date an agreement was entered into "between S. B. Anderson and H. H. Beckwith," parties of the first part, and the proposed purchaser, J. E. Davidson, party of the second part, and signed by those parties. According to this agreement, the first parties agreed to sell and convey to the second party the said property for the sum of thirty thousand dollars, of which one thousand dollars was paid forthwith; fourteen thousand dollars was to be paid on execution and delivery of deed and fifteen thousand dollars in three equal installments of one, two, and three years at six per cent. There were recitals showing that the title to the property was in the defendant and the agreement made subject to his approval and ratification and that it was made by the first parties as his agents. It was further provided that upon failure of the second party to comply with the terms of the agreement, both as to depositing in the First National Bank of Tulare the said sum of fourteen thousand dollars and as to the mortgage for the other installments, "then the said parties of the first part and their principal, W. B. Allison, shall be released from all obligations in law and equity to convey said property and all rights of said second party herein shall cease and the said sum of one thousand dollars paid hereunder shall be forfeited as damages for the nonfulfillment of the conditions hereof by said second party."

On or about April 6th the defendant arrived at Tulare and examined said agreement. Although he did not sign any approval of it, the evidence shows that it was acceptable to him and that he was at all times ready and willing to convey the property if the purchaser complied with the terms of agreement. On or about April 23d Mr. Davidson decided to abandon his purchase and so informed the parties of the first part named in his said agreement. On or about May 5, 1911, a writing was signed between defendant and J. E. Davidson referring to said agreement and its terms; to the fact that Davidson did not complete the purchase and that said sum of one thousand dollars thereby became and was ''forfeited to said Allison under said agreement, and as the only penalty thereof,'' and it was mutually agreed that by reason of the premises and of said forfeiture the parties were released from the obligations thereof.

It is contended on behalf of respondent that this last mentioned agreement is not only a recognition of the validity of the contract of April 3d, but it is also a voluntary act of the defendant which gave consent to the nonperformance thereof. There would be much force in this contention if Davidson's obligation as to completion of the purchase had been dependent upon the consent of Allison. But the abandonment which had previously taken place was within Davidson's rights under the contract which he had made and the agreement of May 5th added nothing to that situation. The case is clearly distinguishable from *North Stockton Town Lot Co.* v. *Fischer*, 138 Cal. 100, [70 Pac. 1082, 71 Pac. 438], cited by respondent's counsel. There it was provided in the contract that on default in payment of any installment of the purchase price the whole of the balance should immediately become due and payable, at the option of the plaintiff, and the amounts already paid should be forfeited. It resulted of course, that the forfeiture also was optional with the vendor, since his exercise of the right to demand complete and immediate payment would necessarily be inconsistent with forfeiture of the payments that had been made. But in the present case it was, as is above shown, unconditionally provided that upon failure of Davidson to comply with the conditions to be performed by him, the one thousand dollars payment should be forfeited as damages for nonfulfillment of those conditions. Under such circumstances, the proposed

purchaser has an option to purchase, without any obligation beyond the fact that he is subject to the loss of his forfeit money if he does not complete the transaction. (*Pehl* v. *Fanton*, 17 Cal. App. 247, 252, [119 Pac. 400].)

There is nowhere in the record any writing signed by the defendant in which he recognizes the plaintiff corporation as the agent with whom he was dealing. The defendant Allison afterwards recovered judgment against Beckwith and Anderson for said sum of one thousand dollars. In that action they claimed the money personally as Beckwith and Anderson, and after the judgment against them they paid the amount thereof to W. B. Allison, plaintiff in that action and defendant here.

On the facts shown by the record, of which we have stated the material parts, we are of the opinion that the plaintiff is not entitled to recover any commissions from the defendant.

If the letter of March 22d and the defendant's reply telegram of March 25, 1911, could be treated as an agreement between plaintiff and the defendant, the plaintiff could not recover herein for two reasons: 1. The letter proposed that the commission should be paid "out of the first cash payment of $15,000." No such payment has ever been made; nor can the failure to make it be chargeable as caused by any fault of the defendant. The condition so stated under which the commission might become due has never occurred; 2. The plaintiff did not perform any service in connection with the proposed sale. The transactions which followed in the making of the contract with Davidson were conducted solely by the Beckwith and Anderson partnership.

A considerable portion of the evidence was received against objections made by the defendant, which objections, under the view of the case which we have stated, should have been sustained. It is, however, not necessary to review the rulings on evidence.

The judgment is reversed.

James, J., and Shaw, J., concurred.