[Civ. No. 3738. First Appellate District, Division One.—April 12, 1921.]

NEW RICHMOND LAND COMPANY (a Corporation), Respondent, v. MARTIN IVANOVICH, Appellant.

[1] VENDOR AND VENDEE—DEFAULT OF VENDEE—OPTIONS OF VENDOR. A provision in a contract for the sale of real estate that in the event of a failure of the buyer to comply with the covenants and agreements, or any part thereof, the seller shall be released from all obligations to convey the property, or any part thereof, and the buyer shall forfeit all rights under the contract and all moneys paid, is one for the benefit of the vendor, by which at his option, in the event of the vendee's default, he is relieved of his obligation to convey and may regard as forfeited all payments made by the vendee, or, waiving the forfeiture, he may require the vendee to complete his contract.

[2] ID.—INTENTION OF PARTIES—PAROL EVIDENCE.—Where a contract for the sale of real estate is free from uncertainty or ambiguity, parol evidence is inadmissible for the purpose of showing that the parties intended that the purchaser should have the right to abandon the contract at any time upon suffering the loss of payments made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ralph L. Hathorn for Appellant.

Faulkner & Faulkner for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of plaintiff in an action brought to recover a balance alleged to be due under a contract by the terms of which the defendant agreed to purchase from the plaintiff certain lots of land in the city of Richmond, the purchase price to be paid in monthly installments. Defendant made a number of such payments, and then abandoned the contract,

2. Parol evidence to add to or vary writing, notes, 56 **Am. St. Rep.** 659; 17 **L. R. A.** 270.

whereupon the present action was brought to recover the balance of such installments.

In support of his appeal the defendant contends that, according to the terms of the contract entered into between the plaintiff and himself, in the event that he should fail to make the specified payments the only remedy of his vendor was the retention by him of the amount of money already paid on the purchase price, the respective rights and obligations of the parties being thereby terminated, which excluded any right on the part of the vendor to recover any unpaid balance. The provision of the contract upon which this claim of the appellant is predicated reads as follows:

"The due performance of all covenants and agreements on the part of the buyer is a condition precedent whereon depends the performance of the agreements on the part of the seller. In the event of a failure of the buyer to comply with the covenants and agreements, or any part thereof, on his part entered into, the seller shall be released from all obligations in law or equity to transfer and convey said property, or any part thereof, and the buyer shall forfeit all rights under this agreement, and all rights to any and all moneys which he shall theretofore have paid hereunder, as liquidated damages for such default, and not as a penalty."

[1] We are unable to concur in appellant's construction of this provision of the contract. It is clearly one intended for the benefit of the vendor by which, at his option, in the event of the vendee's default, he is relieved of his obligation to convey the lots sold and may regard as forfeited all payments theretofore made by the vendee, or, waiving the forfeiture, he may require the vendee to complete his contract. The vendee is given no option, but must abide by the election of the vendor. (*Smith* v. *Mohn*, 87 Cal. 489, [25 Pac. 696]; *North Stockton* v. *Fischer*, 138 Cal. 100, [70 Pac. 1082, 71 Pac. 438]; *Glock* v. *Howard*, 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Shenners* v. *Pritchard*, 104 Wis. 287, [80 N. W. 458].)

In *Wilcoxson* v. *Stitt*, 65 Cal. 596, [52 Am. Rep. 310, 4 Pac. 629], where a similar contract was under review, it was held that under a contract for the sale of land, in

which the vendee agrees to pay a balance of the purchase money on or before a certain date, and the vendor agrees to convey upon such payment, and which provides that if the vendee shall fail to make such payment he shall forfeit all right to the land, and the vendor shall be released from all obligations to convey, "and the agreement shall be void," if the vendee neglects or refuses to pay the vendor has the option to avoid or enforce the contract, and may, if he so elects, sue and recover the unpaid balance of the purchase money.

The instant case is distinguishable from the case of *Beckwith Land Co.* v. *Allison,* 26 Cal. App. 473, [147 Pac. 482], and other cases relied upon by the appellant. Here, as we have seen, it was optional with the plaintiff whether he should declare the amounts paid forfeited, or should insist upon performance of the contract; while in the cases relied upon by the appellant the contract unconditionally provided that upon failure of the purchaser to comply with the conditions to be performed by him a certain sum was to be forfeited as damages for his nonfulfilment of those conditions. In such a situation it is plain, as stated in those cases, that the purchaser has an option to purchase without any obligation beyond the fact that he is subject to the loss of his forfeit money if he does not complete the transaction.

[2] Finally, we think the court properly excluded parol evidence offered for the purpose of showing that the parties intended that the purchaser should have the right to abandon the contract at any time upon suffering the loss of payments already made. Here the contract is free from uncertainty or ambiguity, and, accordingly, the intention of the parties must be ascertained from the formal agreement. (See Civ. Code, sec. 1639; *Payne* v. *Commercial Nat. Bank,* 177 Cal. 68, [L. R. A. 1918C, 328, 169 Pac. 1007].)

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.