[L. A. No. 11191.  In Bank.—September 27, 1932.]

RIP VAN WINKLE WALL BED COMPANY (a Corporation), Respondent, v. VERNE HOLMES et al., Appellants.

Francis D. Adams, Flint & MacKay, W. A. Bowen and Edward L. Compton for Appellants.

Loeb, Walker & Loeb for Respondent.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Fourth Appellate District. Upon further consideration of the opinion of Mr. Presiding Justice Barnard, we are satisfied that it correctly determines the issues involved in the appeal, and hereby adopt it as the opinion of this court. It reads as follows:

"On April 15, 1921, plaintiffs' assignors entered into a contract with the defendants whereby they agreed to sell them a certain patent covering a wall bed, another patent covering a gas stove on swinging doors, a certain license agreement with another party permitting that party to operate under the first patent, upon the payment of $1 for every wall bed sold, together with any patents that might be issued in any foreign countries upon these same devices. The defendants agreed to pay for these things the sum of $20,000, payable in varying instalments on the first day of January of each year up to and including the year 1930, it being also agreed that the sellers should place the necessary assignments in escrow in a bank, to be delivered when the final payment was made. Such assignments were placed in escrow as agreed and the payments were made up to and including the one due January 1, 1926. On November 22, 1926, by a decision of the United States Circuit Court of Appeals, the patent on the wall bed first above mentioned was declared invalid, as lacking in novelty. The defendants failed to pay an instalment of $2,000, which by the terms of the contract became due on January 1, 1927, and this action was brought for the purpose of compelling payment of the same. Two defenses to this suit were interposed. By answer and cross-complaint it was sought to reform the agreement by inserting one word therein in order to comply with the alleged intention of the parties and, as so reformed, it was claimed that the contract gave to the defendants an option to cease making further payments, and that such option was exercised by their failure to make one of the payments provided for. As a second defense it was alleged that there was a total failure of consideration in that the first patent referred to had been declared invalid. After trial, the court refused to reform the contract and gave judgment for the plaintiff, from which judgment this appeal has been taken.

■ "The first point raised is that the evidence is not sufficient to support certain findings to the effect that the contract, as written, expressed the true intention of the parties thereto and that it was not the intention of the parties to give to the appellants an option to terminate the agreement by failing to make payments thereunder. The contract contained the following paragraph:

" 'It is further provided that in the event of a default by the said parties of the second part in the payment of any of the payments hereinabove provided for, then and in that event the said parties of the first part, within thirty (30) days after said default shall have occurred, cancel and terminate this contract, and shall declare any and all moneys theretofore paid hereunder forfeited and shall retain the same as and for liquidated damages, and in full of any and all claims arising or to arise hereunder.'

"The appellants sought to reform this portion of the instrument by inserting the word 'shall' between the word 'occurred' and the word 'cancel' in this paragraph. It may first be observed that the reformation asked for, if granted, would not have had the effect claimed by the appellants (*Wilcoxson* v. *Stitt*, 65 Cal. 596 [52 Am. Rep. 310, 4 Pac. 629]; *Burg Bros.* v. *Bercut*, 73 Cal. App. 114 [238 Pac. 166]). However, the court found that the contract as written did not fail to express the true intention of the parties and that the parties did not intend said written agreement to give to the appellants an option to terminate the same by failing to make the payments provided for. The respective parties set forth in their briefs some sixty pages of evidence relating to this subject. It would serve no useful purpose to summarize this evidence here, but it fully appears that while the evidence is conflicting, it is amply sufficient to support the findings attacked. Incidentally, these appellants brought a former action to reform this same contract and to insert another word therein (*Holmes* v. *Anderson*, 90 Cal. App. 276 [265 Pac. 1010]), and a question naturally arises as to why a mistake of the importance of the one here claimed was overlooked at that time.

■ "The only other point raised is that the respondents cannot recover in this action for the reason that there was a total failure of consideration because the first patent mentioned was declared invalid. The court found that the con-

sideration had not failed either wholly or in part; that the invalidity of the one patent did not constitute a total or partial failure of consideration; and that such invalidity did not constitute a defense to this action. While we think the finding that there was not a partial failure of consideration is erroneous, this is not material as the only issue raised by the pleadings and disclosed by the theory upon which the case was tried, is that there was a total failure of consideration. The appellants rely on a number of cases from federal courts which are claimed to establish the rule that the invalidity of a patent sold on deferred payments is such a total failure of consideration as will relieve the purchaser from a further performance of the contract. Conceding, but not deciding, that this is the correct rule, it is not determinative of the case before us, since the contract here in question provides one purchase price, payable in instalments, for the purchase of a number of things. In *Imperial Livestock etc. Co.* v. *Tracy*, 208 Cal. 205 [281 Pac. 50, 54], the court said:

" 'While it is true that the answer pleaded that no consideration passed for execution of the note, yet defendant offered no proof to show that the stock was valueless. On the contrary, the clear inference from the evidence is that it is of considerable value. Under well-settled rules of law, defendant could not keep the stock and resist payment of the note *in toto* without offering evidence to show that the stock was entirely without value.'

"While the facts and issues in that case were somewhat different from the one at bar, the principle set forth has an application here. A total failure of consideration was here pleaded and is now relied on. There is here more than an inference that the appellants received something of value. Not only did they have the use for about six years of the patent which was later declared invalid, but it appears that for some time, the extent of which is not shown, they received the royalties on the license agreement with another party which they were to receive under the contract and an assignment of which was placed in escrow in a bank. They further received all of the benefit of the other patent referred to which was never declared invalid. Appellants argue that this second patent had expired by lapse of time before the first patent was declared invalid and, therefore, that they

had nothing of value at the time the payment came due on January 1, 1927. This contention is without merit. The contract provided for one purchase price payable in instalments, for several things, and even if one of them had been valueless from the beginning, this would not have shown a total failure of consideration. It can neither be told what portion of the purchase price covered either patent nor what portion thereof covered the respective years during which it was contemplated either patent would be in force. Not only was a partial failure of consideration not pleaded, but upon the objection of the appellants the court refused to admit any evidence as to the respective values of what had been received and what had not been received. The appellants may have profited greatly or slightly by the things they actually received under the contract, but, under the pleadings and the evidence, the court could not find as to the respective values nor as to what portion of the consideration had failed. The appellants rely on the following quotation from *Gibbs* v. *Hersman*, 73 Cal. App. 732 [239 Pac. 350, 352]:

" 'It is a fundamental rule of contracts that where, from the nature of the contract, it is evident that the parties contracted on the basis of the continued existence of the thing to which it relates, the subsequent perishing or destruction of the thing will excuse the performance; . . . ' (See, also, *La Cumbre G. & C. Club* v. *Santa Barbara Hotel Co.*, 205 Cal. 422 [271 Pac. 476].)

"It neither appears here that all of the things concerning which these parties contracted were subsequently destroyed nor does it appear from the nature of the contract that the instalment payments, which varied in different years, were so differentiated between the things sold or so related to the values to be received during the respective years, as to excuse, in the absence of any other evidence, the payment of any further instalment, in the event of the destruction of the utility of one of the things sold.

"It may well be that the appellants have suffered a partial failure of consideration, although this was neither pleaded nor presented during the trial of this action. It does not appear, however, that any injustice will result from the judgment appealed from, since three additional instalments of the purchase price, amounting to $7,500, have matured since

this action was filed. If other suits are filed to recover those instalments, by proper pleading and proper presentation of the matter any rights of the appellants can be protected and full justice done.''

The judgment appealed from is affirmed.