[Civ. No. 13872. Second Dist., Div. One. Jan. 27, 1943.]

J. V. NANNY, Appellant, v. H. E. POGUE DISTILLERY COMPANY (a Corporation), Defendant; CITY NATIONAL BANK AND TRUST COMPANY OF CHICAGO (a National Banking Association), Third Party Claimant and Respondent.

Mason & Howard and Arthur Lasher for Appellant.

Latham & Watkins for Third Party Claimant and Respondent.

YORK, P. J.—This is an appeal from a judgment rendered in a proceeding under section 689 of the Code of Civil Procedure determining that respondent, City National Bank and Trust Company of Chicago, is the owner of the sum of $8100 now in the possession and custody of the Marshal of the Municipal Court of the City of Los Angeles.

The factual background of the instant litigation is briefly as follows:

On October 27, 1941, Sawelson Wholesale Company, a copartnership composed of Samuel Sawelson and others, doing a wholesale liquor business in the city of Los Angeles, ordered from defendant Pogue Distillery Company of Marysville, Kentucky, a carload of whiskey. Said merchandise was invoiced at $13,785.25 payable in 30 days and was shipped f.o.b. Marysville on November 21, 1941, to said Samuel Sawelson. On the same day this account receivable was assigned and transferred to respondent City National Bank of Chicago in consideration of a loan made at that time by said respondent to defendant Distillery Company and as security

for the repayment thereof as well as additional existing indebtedness.

By virtue of a writ of attachment issued on November 29, 1941, in an action by appellant Nanny, dba, etc., against defendant Pogue Distillery Company in the Superior Court of Los Angeles County, the Marshal of the Municipal Court of the City of Los Angeles on December 2, 1941, levied on defendant's interest in the carload of whiskey then in possession of the Pacific Electric Railway Company, and as well upon all other personal property belonging to defendant and then in the possession or under the control of Samuel Sawelson, and served a writ of garnishment upon said Sawelson. Neither at the time stated nor at any subsequent date did Samuel Sawelson have under his control any credits or personal property belonging to defendant, nor had he incurred any liability to defendant except for the carload of whiskey.

Sawelson on December 2, 1941, answered the garnishment proceeding as follows: "I am not indebted to said Judgment Debtor in the sum of —— Dollars as the merchandise in question was in transit and said merchandise has since been attached by Nanny."

On December 17, 1941, appellant released the carload of whiskey upon Sawelson's purported promise to pay to the marshal the sum of from $8,000 to $8,500 to cover appellant's claim against defendant Distillery Company, and thereafter, on December 22, 1941, Sawelson filed his amended answer in the garnishment proceeding, as follows: "That some time prior to said attachment, we purchased from the defendant a carload of whiskey, consisting of 782 cases, for the sum of $13,785.25, on an open book account, and thereafter we were notified that on November 22, 1941, said account was assigned and transferred to the City National Bank and Trust Company of Chicago, Illinois. Said account has not as yet been paid by the undersigned."

On May 5, 1942, Sawelson deposited with the marshal the sum of $8,100, whereupon respondent filed its third party claim with the said marshal to the $8,100 by virtue of the assignment made in its favor by defendant on November 21, 1941, of the account receivable, above referred to.

During the hearing on the third party claim a written partial stipulation of certain of the above recited facts was filed. Thereafter, on July 3, 1942, judgment was entered in favor of respondent, the third party claimant, by which it was adjudged:

"(1) That title to and the right to the possession of said carload of whiskey was on the date of the levy in Sawelson Wholesale Company and not in the defendant H. E. Pogue Distillery Company, and that the purported attachment thereof was invalid;

"(2) That title to and right to the possession of the property now in the possession of the Marshal of the City of Los Angeles, to-wit: the sum of Eight Thousand One Hundred Dollars ($8,100.00), and taken into possession of said Marshal on May 5, 1942, from the Sawelson Wholesale Company by virtue of a writ of attachment herein was on the date of the levy of said writ, December 2, 1941, (and) for some time prior thereto and ever since has been and now is in the third party claimant, City National Bank and Trust Company of Chicago, and that said writ of attachment was invalid; that the said Marshal is hereby directed to deliver the said sum of money, to-wit: the sum of $8,100.00, forthwith to the said third party claimant, the City National Bank and Trust Company of Chicago;

"(3) That the third party claimant, the City National Bank and Trust Company of Chicago, have judgment against the plaintiff, J. V. Nanny in this proceeding . . . ."

Pursuant to a minute order of July 2, 1942, the following was added *nunc pro tunc,* to the minutes of July 1, 1942:

"Property was Sawelson's, not Pogue's; so attachment was invalid."

Appellant seeks a reversal of the judgment on the following grounds:

"I. The court tried the issue of the validity of plaintiff's attachment rather than Third Party Claimant's title to property attached at the time of the levy of attachment;

"II. Third Party Claimant did not meet the burden of proof as to its title as required by it under the provisions of C.C.P. 689, or in other words, the evidence does not support the judgment; and

"III. The court committed prejudicial error in admitting over objections hearsay letter of Sawelson's attorney, Sawelson not being a party to the action or proceeding on third party claim . . . ."

Appellant's first point is without merit. The principal issue in the instant case is whether respondent (third party claimant) had title to the property in question as of the date of

the levy under the writ of attachment of December 2, 1941 (§ 689, Code Civ. Proc.), however, in considering said issue, the question of priorities as between the assignment and the attachment immediately arises. Therefore, if the court in determining the question of title incidentally found the attachment to be invalid, such finding was immaterial and had no effect upon the determination of the main issue.

■ "A mutual, open and current account, like an ordinary account, is property consisting of a chose in action, which is the subject of transfer, sale or assignment. . . . And where an instrument was clearly intended as an assignment of the ac-. counts, bills and debts mentioned—whether absolutely or as security is immaterial—as between the parties, it was held to operate so as to transfer them to the assignee and *give him a right to have the moneys when collected applied to the payment of his debt.* (*Kirk* v. *Roberts,* 3 Cal.Unrep. 671 [31 P. 620].) To complete the assignment of an account as against the debtor, it is universally conceded that the debtor must have notice, as otherwise his debt will be discharged by payment to the assignor." (1 Cal.Jur. 150, 151.) (Emphasis added.)

That Sawelson had notice early in December, 1941, of the assignment of the account receivable by defendant Pogue Distillery Company to respondent is evidenced by Sawelson's amended return to the garnishment proceedings hereinbefore recited.

While the carload of whiskey was the subject of attachment and garnishment by appellant, it was not until sufficient of the purchase price of the whiskey to satisfy appellant's claim in the attachment suit had been paid to the levying officer by the debtor Sawelson, that the third party claim was filed by respondent assignee.

■ Sawelson could not pay his indebtedness to respondent without assuming responsibility for the validity of the assignment to respondent, and until Sawelson paid the purportedly garnished debt to the marshal, respondent was not in position to file a third party claim thereto. (*Sunset Realty Co.* v. *Dadmun,* 34 Cal.App.2d Supp. 733, 742 [88 P.2d 947].) Meanwhile, appellant had released the whiskey from the attachment and the same had been delivered to Sawelson. Consequently, when Sawelson paid to the marshal the sum of $8,100, respondent was entitled to have the said sum applied to the

payment of the assigned debt upon the filing with the marshal its third party claim thereto.

In connection with his second point, appellant urges that the only manner in which respondent third party claimant "can meet the burden of proof placed upon it by section 689, C.C.P., and show that title to the $8,100.00 is in Third Party Claimant is by showing that the $8,100.00 was paid in to discharge an obligation belonging to Third Party Claimant or by showing that said sum was substituted for property belonging to it."

This very fact was proved by the admission into evidence over appellant's objection of a letter written to Marshal Holt by Robert I. Kronick, attorney for Sawelson Wholesale Company, on behalf of Sawelson, to wit:

"Benjamin & Kronick, 1425 Chapman Building, Los Angeles, California.

Frank L. Holt, marshal, City of Los Angeles, Municipal Courts Building, Los Angeles, California. In Re: J. V. Nanny, dba Merchants Wholesale vs. H. E. Pogue Distillery Company, et al, L. A. Superior No. 470502.

Dear Sir: By virtue of a Writ of Attachment issued out of the State of California, in and for the County of Los Angeles in the above-entitled action, you did on December 2, 1941, levy upon and purport to attach all debts owed by the Sawelson Wholesale Co. to the defendant in the above-entitled action. The said Sawelson Wholesale Co. has been advised that its only debt to the said defendant was on November 21, 1941, prior to your levy, assigned in good faith and for a valuable consideration to the City National Bank and Trust Company of Chicago. It appears, therefore, that the defendant in the above action had no interest in said debt on the date of the levy.

"The Sawelson Wholesale Co. does not, however, wish to assume the responsibility of determining the validity of the levy, but prefers to deposit with you a sum sufficient to protect the interest, if any, of the plaintiff in the above action under said levy and to leave the respective claimants to said sum to whatever remedies that are provided by law.

"Accordingly, we hand you herewith the check of Sawelson Wholesale Co. in the amount of $8,100.00, *said sum being part of the debt purportedly levied on by you on December 2, 1941*. While said sum is paid to you under and pursuant to

said levy, the payment thereof does not constitute an admission that said sum or any amount was on the date of your levy or subsequently owed by Sawelson Wholesale Co. to the H. E. Pogue Distillery Company, defendant in the above-entitled action.

"Benjamin & Kronick, By Robert I. Kronick, Attorneys for Sawelson Wholesale Co." (Emphasis added.)

This letter clearly identifies the sum of $8,100 as a part of the purchase price or indebtedness owing for the carload of whiskey.

Moreover, appellant in his petition for a hearing on the question of title under the provisions of section 689 of the Code of Civil Procedure, alleged that under the writ of attachment the marshal levied on the interest of the defendant Pogue *"in a carload of whiskey . . . and on an account payable of Sawelson Wholesale Co. . . .* That thereafter, Sawelson Wholesale Co. paid to Frank L. Holt . . . marshal, the sum of $8,100.00, *in answer to said Writ of Attachment."* (Emphasis added.) This constituted an admission by appellant that the sum of $8,100.00 was deposited as a part of the purchase price of the whiskey, which had been validly assigned to respondent prior to the levy.

Since the evidence establishes without conflict, as appellant concedes, that respondent had title to the account at the date of the levy, the trial court properly determined that respondent had title to the money in the custody of the marshal.

■ With respect to appellant's contention that the court committed prejudicial error in admitting over his objection the letter of Sawelson's attorney, Sawelson not being a party to the action on third party claim, this letter was written at the time the $8,100 was delivered by Sawelson to the marshal, and even though it was hearsay, was properly received under a universally recognized exception to the hearsay evidence rule.

■ As pointed out in the *Estate of Carson,* 184 Cal. 437, 445 [194 P. 5, 17 A.L.R. 239], "The rule is without exception, so far as occurs to us at the moment, that whenever the intention, feeling, belief, or other mental state of a person at a particular time . . . is material to an issue under trial, evidence of such person's declarations at the time indicative of his then mental state are admissible in evidence. It is wholly immaterial whether such declarations were made in the presence of an adverse party to the litigation or not, or what the character of the litigation is. The sole tests are, is the inten-

tion, belief, or other mental state of the declarant at the time material to the issues under trial, and, does the declaration indicate what the declarant's intention, belief, or other mental state at the time was.''

█ The question here being whether by the deposit of $8,100 Sawelson intended to pay the sum to the marshal in answer to the writ of garnishment and as part of the account payable for the purchase price of the whiskey, under the foregoing exception to the hearsay rule, the letter showing his intention was clearly admissible.

The record shows substantial evidence supporting the findings and the judgment.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.