SCHOTTKY, J.
This is an appeal by third party claimants from an order denying their third party claims.
Charles Michael brought an action against Edward Burge as an individual, Modesto Farms, Inc., a corporation, and Modesto Land and Cattle Company, a corporation, for sums allegedly due on four open-book accounts. Thereafter one Bonanza aircraft registered in the name of Edward Burge, Inc., and a Cadillac automobile and a Thunderbird automobile registered in the name of Burge’s Drive In, Inc., were attached. After the property was attached, Burge’s Drive In, Inc., and Edward Burge, Inc., on October 25, 1956, filed third party claims under the provisions of section 689 of the Code of Civil Procedure, and on November 2, 1956, petitioned the court to determine title to the property. Michael bonded against the third party claims. The court set November 15, 1956, as the time for a hearing on these petitions, and thereafter continued the date of the hearing. Exceptions to the sureties of Michael were filed. The record does not disclose whether or not the sureties ever qualified. On November 14, 1956, the third party claimants filed a motion for vacation of the attachments based on the fact that the sureties failed to qualify. On November 21, 1956, while this motion was pending, the third party claimants dismissed their petitions to determine title to the attached property. Later the same day Michael filed his petition for a hearing on the claim of the third parties to determine title.
Thereafter a hearing was held on the motion to dismiss the petitions to determine title. The trial court at the conclusion of the matter denied the third party claimants’ motion to vacate the attachments and held that the objections of the third party claimants to the jurisdiction of the court to hear Michael’s petition to determine title be overruled; that the property attached be returned to the third party claimants; and that they be restrained from disposing of the property until the determination of Michael’s petition. Then Michael’s petition to determine title was heard. At its conclusion the trial court denied the claims of the third parties. In its decision the court held that the attached property, though standing in the names of the corporations, was in fact the property of Edward Burge himself.
Appellants’ first contention is that the trial court *130 erred in failing to vacate the attachments after respondent’s sureties failed to justify. This question may not be reviewed. An order refusing to vacate an attachment is an appealable order. (Code Civ. Proc., § 963.) Ordinarily an order refusing to vacate an attachment may not be reviewed on appeal from the judgment in the principal matter. (Title Guarantee & Trust Co. v. Stahler, 15 Cal.App.2d 239 [59 P.2d 515].) By its order of December 12, 1956, the court refused to vacate the attachment of the appellants’ property. They could have appealed from that order, but not having done so they are not entitled to have it reviewed under the present appeal.
Appellants’ second contention is that the trial court had no jurisdiction to hear respondent’s counter petition to determine title.
Section 689 of the Code of Civil Procedure reads in part:
“Whenever a verified third party claim is delivered to the officer . . ., the plaintiff, or the person in whose favor the writ runs, the third party claimant, or any one or more joint third party claimants, shall be entitled to a hearing in the court in which the action is pending or from which the writ issued for the purpose of determining title to the property in question. Such hearing must be granted . . . upon petition therefor, which must be filed within 10 days after the delivery of the third party claim to the officer. . . .’’
The third party claims were delivered on November 2, 1956. Respondent Michael’s petition for a hearing on the third party claims was filed on November 21, 1956. Appellants argue that this was past the 10-day period and was therefore not timely. Appellants cite Ballagh v. Williams, 50 Cal.App.2d 303 [122 P.2d 919], in which it was held that unless the petition for hearing on a third party claim is filed within 10 days the court is without jurisdiction to determine the merits of the claim. Appellants argue also that it was error for the court to hold a hearing on the third party claims because appellants’ petition for determination of title had been dismissed prior to the filing of respondent’s petition.
Respondent in reply contends that the attempted dismissal by appellants of their petition to determine title to property was ineffective and void because the respondent was seeking affirmative relief, and that appellants were estopped to assert and rely on their attempted dismissal because respondent relied on their original petition to determine title and therefore did not file his own petition within the time required by statute.
Section 689, supra, provides that whenever a valid third *131 party claim is filed “the plaintiff, or the person in whose favor the writ runs, the third party claimant, or any one or more joint third party claimants, shall be entitled to a hearing in the court in which the action is pending or from which the writ issued for the purpose of determining title to the property in question. Such hearing must be granted by the said court upon petition therefor, which must be filed within 10 days after the delivery of the third party claim to the officer.” Said section provides further: “The third party claim delivered to the officer shall be filed by him with the court and shall constitute the pleading of such third party claimant, subject to the power of the court to permit an amendment in the interest of justice, and it shall be deemed controverted by the plaintiff or other person in whose favor the writ runs.”
We have concluded that appellants’ contention that the court had no jurisdiction to hold a hearing on the third party claims must be sustained. Appellants had a right under see- . tion 581 of the Code of Civil Procedure to dismiss their peti- . tion to determine the title to property claimed in their third party claims, and respondent’s petition to determine the title was not filed within 10 days after the delivery of the third party claims to the officer as required by section 689.
We are unable to agree with respondent’s contention that appellants could not dismiss their petition because respondent was seeking affirmative relief. The fact that under section 689 the allegations of appellants’ third party claims were deemed controverted does not mean that affirmative relief is thereby sought. The issue before the court when a party files a third party claim is whether or not the third party has title to the property. (Nanny v. H. E. Pogue Distillery Co., 56 Cal.App.2d 817 [133 P.2d 686].) A judgment that third parties’ claims are false will give the attaching creditors all the relief to which they are entitled. They need nothing more. ,By putting these claims in issue they do not ask affirmative relief—that is relief that goes beyond what a defeat of the third party will give them. What happened in the instant case is analogous to a situation in a quiet title action where the defendant merely denies the plaintiff’s title, but does not set up his own title and ask that it be quieted against the plaintiff’s claims. In such a situation the plaintiff may ordinarily ■dismiss his action. (See Islais etc. Water Co. v. Allen, 132 Cal. 432 [64 P. 713].) When a claimant withdraws his petition for a hearing there is nothing before the court to be determined. This rule will not prevent attaching creditors from *132 defeating the right of third party claimants to dismiss, since the statute itself permits an attaching creditor to ask for a hearing on a third party claim. By doing so, an attaching creditor may compel a determination of the third party claim. The trial court erred in not permitting appellants to dismiss their petition, and the trial court erred in proceeding to hear the matter on respondent’s petition for a hearing which was filed more than 10 days from the time that the appellants’ third party claims were filed. We conclude that the court in the instant case lacked jurisdiction to proceed in the matter.
Our conclusion that the court erred in proceeding to hear the third party claims makes it unnecessary to discuss any other points raised in the briefs.
The order appealed from is reversed.
Van Dyke, P. J., and Peek, J., concurred.
A petition for a rehearing was denied January 8, 1960, and the opinion was modified to read as printed above. Respondent’s petition for a hearing by the Supreme Court was denied March 1, 1960.